IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

RICHARD C. ROBINSON,

    Defendant.

Case No. 13-cr-40012-JPG-001

## **MEMORANDUM AND ORDER**

This matter comes before the Court on consideration of defendant Richard C. Robinson's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 41). Counsel, who has appeared for the defendant on a voluntary basis, has moved to withdraw on the grounds that she can make no non-frivolous argument in support of a reduction (Doc. 45). The Government has responded to the motion (Doc. 47); the defendant has not, although he was given an opportunity to do so.

The defendant pled guilty to six counts of possessing a listed chemical knowing it would be used to manufacture methamphetamine. At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of 844.54 grams of pseudoephedrine, which under the 2012 version of U.S.S.G. § 2D1.11(d) yielded a base offense level of 34. His offense level was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because the defendant accepted responsibility for his crime. This established a total offense level of 31 which, considering the defendant's criminal history category of II, yielded a sentencing range of 121 to 151 months in prison. The Court departed downward for reasons other than substantial assistance to the

Government and imposed a sentence of 96 months.

The defendant now asks the Court to apply recent changes to U.S.S.G. § 2D1.11 to lower his sentence. Amendment 782 amended U.S.S.G. § 2D1.11(d) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive. *See* U.S.S.G. § 1B1.10(d) & (e)(1).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant satisfies the first criterion because he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendment 782 amended U.S.S.G. § 2D1.11(d) to lower the base offense levels associated with various drug amounts. The amendment reduced the defendant's base offense level from 34 to 32. His total offense level then fell from 31 to 29, yielding a lower sentencing range of 97 to 121 months.

However, the defendant does not satisfy the second criterion because allowing a reduction would be inconsistent with the applicable policy statement, U.S.S.G. § 1B1.10. That section provides that the guideline range reduction contained in Amendment 782 may be applied

retroactively pursuant to 18 U.S.C. § 3582(c)(2) to reduce previously imposed sentences with certain limitations.  U.S.S.G. § 1B1.10(a)(1) & (d).  One of those limitations is that the Court may not reduce a defendant's term of imprisonment to a term that is lower than the amended guideline range unless an existing below-guideline sentence was imposed as a result of the defendant's substantial assistance to the Government.  U.S.S.G. § 1B1.10(b)(2)(A) & (B).  The defendant's original term of imprisonment (96 months) is already lower than the amended guideline range (97 to 121 months), so any reduction from that sentence would be lower than the amended guideline range.   However, since the existing below-guideline sentence was not a result of a Government motion based on the defendant's substantial assistance, a reduction from that sentence would be inconsistent with U.S.S.G. § 1B1.10(b)(2)(A) & (B).   Therefore, the Court cannot reduce the defendant's sentence.

For the foregoing reasons, the Court **DENIES** the defendant's *pro se* motion for a sentence reduction (Doc. 41), **GRANTS** counsel's motion to withdraw (Doc. 45) and **ORDERS** that counsel is **WITHDRAWN** from this case.  The Clerk of Court is hereby **DIRECTED** to mail a copy of this order to defendant Richard C. Robinson at the address on the docket sheet.

**IT IS SO ORDERED.**
**DATED:   August 9, 2016**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **U.S. DISTRICT JUDGE**